# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>DOUGLAS E. BARNHART, INC.,<br><br>           Defendant.<br><br>AND ALL RELATED ACTIONS. | Civil No. 06cv0717 J (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE FOR PURPOSES OF DISCOVERY ONLY.** |

Before the Court is Douglas E. Barnhart, Inc.'s ("Defendant") Motion to Consolidate Case No. 06cv0717 with Case No. 07cv0388 for purposes of discovery only. [Doc. No. 37.] The Court determined that the issues presented were appropriate for decision without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons stated below, the Court **GRANTS** Defendant's Motion to Consolidate for purposes of discovery only.

## *Background*

This dispute arises from an insurance agreement ("Policy") that Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") issued to Defendant. (*See* Pl.'s Compl. at 2, 4;

///

///

Def.'s Answer at 2.)  Vista Unified School District ("Vista Unified") was the named insured on the Policy.  (*See* Pl.'s Compl. at 2.)  In 2003, Defendant entered into a contract with Vista Unified to construct the Guajome Park Academy ("Project"), a four building charter school.  (*Id.*; Def.'s Answer at 1; Def.'s Countercl. at 2; Pl.'s Answer to Def.'s Countercl. at 2.)  As the general contractor for the Project, Defendant was also covered by the policy.  (*See* Pl.'s Compl. at 2; Def.'s Answer at 2; Def.'s Countercl. at 2.)  Defendant subcontracted with Artimex to perform steel fabrication for the Project.  (*See* Def.'s Countercl. at 2.)  As a subcontractor, Artimex was also covered by the policy.  (*See* Pl.'s Compl. at 2; Def.'s Answer at 2; Def.'s Countercl. at 2.)

Vista Unified hired Testing Engineers, Inc. ("Testing Engineers") to inspect and approve the steel fabrication completed by Artimex.  (*See* Pl.'s Compl. at 2; Def.'s Answer at 2.)  Testing Engineers inspected all shop and field work completed by Artimex.  (*See* Pl.'s Compl. at 2; Def.'s Answer at 8.)  After substantial work was completed on the project, Vista Unified discovered that one of Testing Engineers' inspectors was unqualified, (*See* Pl.'s Compl. at 2), and, as a result, fired Testing Engineers.  (*See* Def.'s Countercl. at 2.)  Upon firing Testing Engineers, Vista Unified hired a third party inspection company to reinspect all of the previously approved welds on the Project.  (*See* Def.'s Countercl. at 2; Def.'s Answer at 2.)

Plaintiff claims that after the third party inspection company reinspected the welds, Vista Unified demanded that the welds be replaced.  (*See* Pl.'s Compl. at 2, Def.'s Answer at 2.)  Defendant denies knowledge of whether the third party inspection company actually reinspected the welds but admits that it was ordered by Vista Unified to deconstruct and reconstruct certain work on the Project.  (*See* Def.'s Answer at 2.)  Defendant alleges that many of the welds that Testing Engineers had inspected were inadequate and required additional welding work, which delayed and interrupted the project, and required Defendant to spend additional time, materials, and resources.  (*See* Def.'s Countercl. at 3.)

In March of 2005, Defendant submitted a claim to Keenan & Associates, the

///

///

administrator of Vista Unified's school insurance program. (*See* Pl.'s Compl. at 2; Def.'s Answer at 2.) On July 26, 2005, Plaintiff received a claim by Defendant for reimbursement for the above-described damages under the policy. (*See* Def.'s Countercl. at 3; Pl.'s Answer to Def.'s Countercl. at 2.) Plaintiff denied the claim. (*See* Pl.'s Answer to Def.'s Countercl. at 2.) Def.'s Countercl. at 3.)

On April 4, 2006, Plaintiff filed a Complaint in this Court seeking a judicial declaration that Defendant has no lawful claim against Plaintiff for insurance coverage due to the delay caused by the defective welds. (*See* Pl.'s Compl. at 2, 4.) Defendant filed a Counterclaim and an Answer. [Doc. Nos. 4, 5.] In Defendant's Counterclaim, it alleges: (1) breach of insurance contract for denying Defendant's insurance benefits under the policy and (2) breach of implied covenant of good faith and fair dealings because Plaintiff failed to timely investigate Defendant's insurance claim. (*See* Def.'s Countercl. at 3-4.) On July 26, 2007, Plaintiff filed an Answer to Defendant's Counterclaim. [Doc. No. 7.]

On July 18, 2007, Defendant filed this Motion to Consolidate the initial claim and Defendant's counterclaim for purposes of discovery. [Doc. No. 37.] On August 6, 2007, Defendant submitted a Notice of No Opposition Filed to the Court ("Notice"), stating that, as of the date of the Notice, the Plaintiff had filed no opposition to the consolidation of the cases. [Doc. No. 41.]

### *Legal Standard*

Federal Rule of Civil Procedure 42(a) provides in pertinent part that "[w]hen actions involving a common question of law or fact are pending before the court...it *may* order all actions consolidated; and it may make such orders concerning proceedings as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a) (emphasis added). When related cases fall

///
///
///
///
///

within the parameters of Rule 42, it is within the district court's sound discretion to consolidate them. *See Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). Rule 42 does not demand that actions be identical before they may be consolidated. Rather, in deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999).

## *Discussion*

After reviewing the complaints in the two related cases, the Court **FINDS** that they involve common questions of fact and law. As the Defendant points out, both cases concern the same damages that the Defendant alleges it incurred as a result of the deconstruction and reconstruction of portions of the Project. (Mot. at 4.) More specifically, the results of both cases will depend on the Court's finding with regards to the following common questions of fact and law: (1) the work the Defendant performed to undo and redo work on the Project; (2) Defendant's extended general conditions; (3) work performed by Defendant's lower tiers to undo and redo work on the Project; and (4) the lower tiers' extended general conditions. (Mot. at 5.) Any discovery pertaining to these four areas can be carried out with the purpose of obtaining information for both cases with few, if any, substantive changes.

Additionally, consolidating the two cases does not result in prejudice to the non-moving party. As of the date of Defendant's Motion, none of the parties had taken any depositions. (Mot. at 6.) Thus, consolidating the cases for purposes of discovery will not effect any previous depositions. Further, opposing party does not oppose consolidation or assert that consolidation will produce

///
///
///
///
///

inconvenience, delay, confusion or prejudice.  For these reasons, the Court finds that consolidation of the above-referenced cases is appropriate.

### *Conclusion*

Accordingly, the Court **GRANTS** Defendant's Motion to Consolidate Case nos. 06cv0717 (JMA) and 07cv0388 (NLS) pursuant to Rule 42(a).  The parties are directed to contact the magistrate judge to set dates for trial and pre-discovery matters in the newly consolidated case.

**IT IS SO ORDERED.**

DATED:  September 27, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Adler
     All Counsel of Record